GALVESTON, H. & S. A. RY. CO. v. BLEWETT.

(Court of Civil Appeals of Texas. Feb. 15, 1911.)

1. COMPROMISE AND SETTLEMENT (§ 12*)—OPERATION AND EFFECT — CLAIMS AGAINST CARRIERS FOR DAMAGES.

　　Settlement or compromise with a connecting carrier for injury to a live stock shipment on its line did not affect the shipper's right to recover for damage negligently caused by the initial carrier.

　　[Ed. Note.—For other cases, see Compromise and Settlement, Dec. Dig. § 12.*]

2. NEGLIGENCE (§ 56*)—ESSENTIALS TO LIABILITY.

　　Injury as a proximate result of negligence, as well as such negligence, must be shown to sustain recovery.

　　[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*]

3. APPEAL AND ERROR (§ 1010*)—REVIEW—JUDGMENT—CONCLUSIVENESS.

　　A judgment sustained by evidence will not be disturbed on appeal.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by J. N. Blewett against the Galveston, Houston & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, G. B. Fenley, and Claude Lawrence, for appellant. Martin, Old & Martin, for appellee.

NEILL, J. The suit originated in the justice court, and was brought to recover $199.90 damages caused by appellant's negligent delay in a shipment of cattle over its line of railway. From a judgment in the court a quo in favor of the appellee for the amount of damages claimed, an appeal was taken to the county court, where a like judgment was rendered.

Only such damages as ensued from appellant's negligence were sued for; appellee having prior to the institution of the suit settled with its connecting carrier, the Missouri, Kansas & Texas Railway Company, for such damages as occurred on its line of road. Such settlement, or compromise, did not affect his right to recover any damages that may have been occasioned by appellant's negligence before the shipment was delivered to its connecting carrier (Atchison, T. & S. F. Ry. Co. v. Nation, 92 S. W. 823); but only relieved it from the damages caused by its connecting carrier for which it could otherwise have been held liable under the "Carmack amendment" of the interstate commerce act (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1909, p. 1166]). G., H. & S. A. Ry. Co. v. Piper Co., 115 S. W. 107; G., H. & S. A. Ry. v. Wallace, 117 S. W. 169 (recently affirmed U. S.

Supreme Court); M., K. & T. Ry. Co. v. Blalack, 128 S. W. 707; M., K. & T. Ry. Co. v. Harriman, 128 S. W. 935; St. Louis, S. F. & T. Ry. Co. v. Roff Oil, etc., Co., 128 S. W. 1194; S. P. Co. v. Meadors, 129 S. W. 171.

The only question raised by the assignments in different forms—the negligent delay of appellant being conceded—is: Does the evidence show that plaintiff sustained the damages claimed by reason of such delay?

It is common learning that, in order to recover damages for the negligent acts of another, not only the negligence averred must be shown, but that the plaintiff was damaged by reason thereof as its proximate result.

The court, who tried the case without a jury, found such matters of fact, which the evidence reasonably tends to prove, as require an affirmative answer to the question presented.

Therefore we are not authorized to disturb the judgment, and it is affirmed.